UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

JAN 19 2024

PER _____
DEPUTY CLERK

| | |
|---|---|
| LOWER SUSQUEHANNA RIVERKEEPER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| REPUBLIC SERVICES OF PENNSYLVANIA, LLC, | ) ) ) |
| Defendant. | ) ) |

CASE NO. 1:23-cv-00044
JUDGE JENNIFER P. WILSON

### PLAINTIFF'S STATEMENT OF LEGAL AND FACTUAL JUSTIFICATION FOR REQUESTED SEALING ORDER

Plaintiff Lower Susquehanna Riverkeeper, per Local Rule of Civil Procedure 49, hereby requests that, for the following reasons, the Court allow Plaintiff's letter regarding a discovery dispute, which accompanies this statement, to be filed under seal.

This case is assigned to the Honorable Jennifer P. Wilson. Per Judge Wilson's motion procedures,

> For all discovery disputes in civil matters, counsel is directed to confer with one another to attempt to resolve the dispute without court intervention. In the event that such action does not resolve the dispute, counsel is directed to file a letter to the Court (via CM/ECF) explaining the nature of the dispute and stating whether and when counsel conferred in an effort to resolve the dispute. Counsel may submit the letter jointly, but if the letter is not submitted jointly, then the court will allow three business days for opposing counsel to file a letter either responding to the original letter or requesting additional time to respond. The court will then respond by either scheduling a telephone conference, referring the dispute to a Magistrate Judge, or taking other appropriate action.

The attached letter from Plaintiff's counsel addressed to Judge Wilson raises a discovery dispute and is to be filed with the Court.

The letter argues that certain information in documents produced by Defendant during discovery contain redactions of certain information, and that the redactions are improper and that

Plaintiffs as containing Confidential Information, and because Paragraph 27 of the DCO requires that, to the extent the parties file Confidential Information with the Court, such Confidential Information must be filed under seal…. A clearly defined and serious injury will result to Merck if it is not permitted to file the Materials under seal. Without leave to file the Materials under seal, Merck will be unable to rely upon the Materials in connection with its pending motion, and Merck will be unfairly limited in its ability to effectively advocate its position."); *AstraZeneca LP v. Breath Ltd.*, 2008 WL 11383792 (D.N.J. Dec. 1, 2008) (granting request to file certain materials under seal where "[t]he materials contain information that Breath designated as confidential and/or proprietary business information. Breath has a privacy interest in maintaining the confidentiality of such information.").

For the foregoing reasons, Plaintiff requests that it be permitted to file the accompanying letter to the Court, and any subsequent motion to compel on the issues raised in the letter, under seal.

    Respectfully submitted,

    /s/ Stephen G. Harvey
    Stephen G. Harvey
    Steve Harvey Law LLC
    1880 John F. Kennedy Blvd.
    Suite 1715
    Philadelphia, PA 19103
    steve@steveharveylaw.com

    James M. Hecker
    Public Justice
    1620 1 Street, SW Suite 630
    Washington, DC 20036
    jhecker@publicjustice.net

    *Counsel for Plaintiff*