**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LOWER SUSQUEHANNA RIVERKEEPER ASSOCIATION, | : | Civil No. 1:23-CV-00044 |
| Plaintiff, | : | |
| v. | : | |
| REPUBLIC SERVICES OF PENNSYLVANIA LLC, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

**ORDER**

In its second motion in limine, Doc. 87, Defendant seeks to preclude Plaintiff from introducing certain data and documents related to TMDL water monitoring in Kreutz Creek ("Data and Documents") and testimony related thereto. Defendant's primary argument is that Plaintiff's untimely disclosure of the Data and Documents violated Rule 26(a). (Doc. 88, p. 9.)[1] Defendant did not specify which provision of Rule 26(a) it thinks Plaintiff violated. In citing the rule, however, Defendant references pretrial-disclosure-of-evidence requirements. (*Id.*) The provision that governs such disclosures is Rule 26(a)(3). That rule states the following:

> ***(3) Pretrial Disclosures.***
>
> **(A)** *In General*. In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

> following information about the evidence that it may present at trial other than solely for impeachment:
>
> **(i)** the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises;
>
> **(ii)** the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and
>
> **(iii)** an identification of each document or other exhibit, including summaries of other evidence--separately identifying those items the party expects to offer and those it may offer if the need arises.
>
> **(B)** *Time for Pretrial Disclosures; Objections*. Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made--except for one under Federal Rule of Evidence 402 or 403--is waived unless excused by the court for good cause.

(Fed. R. Civ. P. 26(a).) Defendant cited no other provision of Rule 26 in arguing that Plaintiff violated its discovery obligations.

The court was not readily able to determine from the record whether Plaintiff had disclosed the Data and Documents in its exhibit list or a witness who is knowledgeable about the Data and Documents. Accordingly, the court deferred decision on Defendant's motion until after posing questions to counsel at the final pretrial conference, which was convened on February 20, 2026.

At the conference, the court asked if Plaintiff's counsel had included the Data and Documents in its exhibit list. They did not. Having not done so, Plaintiff may not introduce the Data and Documents as exhibits at trial. Therefore, the court will grant Defendant's motion with respect to this issue.[2]

The court then asked if Plaintiff's counsel had disclosed any potential witnesses who are knowledgeable about the Data and Documents. Counsel stated they listed one such individual, Ted Evgeniadis ("Evgeniadis"). Plaintiff listed Evgeniadis as a potential witness in its pretrial memorandum. (Doc. 95, p. 13.) Plaintiff filed its memorandum on February 6, 2026. (Doc. 95.) This disclosure was timely under both Rule 26(a)(3)(B) and the court's date certain trial scheduling order. (Doc. 70, ¶ 3.) Having made a timely disclosure, Plaintiff did not violate Rule 26(a) with respect to testimony about the Data and Documents.

The court recognizes that Defendant also made evidentiary objections under Federal Rules of Evidence 701, Doc. 88, p. 12, and 403, *see id.* at 10–12. The court will not rule on these objections outside the context of trial. Nevertheless, the objections are preserved and may be raised at trial if the need arises. Therefore,

[2] The court stated on the record at the final pretrial conference that it would deny Defendant's entire motion. Yet, the court also stated that Plaintiff would be precluded from introducing the Data and Documents at trial. This order clarifies that the request to exclude the Data and Documents as exhibits will be granted. Defendant's request to exclude testimony about the same will be denied for the reasons explained below.

the court will deny Defendant's motion without prejudice as to the witness testimony.

## CONCLUSION

**AND NOW**, on this 23rd day of February, 2026, for the reasons stated above and on the record at the final pretrial conference, **IT IS ORDERED THAT** Defendant's second motion in limine, Doc. 87, is **GRANTED IN PART AND DENIED IN PART AS FOLLOWS**:

1. The motion is **GRANTED** as to the admission of the Data and Documents as exhibits.
2. The motion is **DENIED WITHOUT PREJUDICE** as to the admission of testimony about the Data and Documents. At trial, Defendant may raise evidentiary objections to the admissibility of such testimony. It may not, though, raise objections based on violations of Rule 26.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania