**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LOWER SUSQUEHANNA RIVERKEEPER ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>REPUBLIC SERVICES OF PENNSYLVANIA, LLC,<br><br>Defendant. | Civil Action No. 1:23-CV-00044-JPW<br><br>Hon. Jennifer P. Wilson |

**DEFENDANT REPUBLIC SERVICES OF PENNSYLVANIA, LLC'S BRIEF IN SUPPORT OF ITS UNOPPOSED MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL AND APPROVE SUPERSEDEAS BOND**

FAEGRE DRINKER BIDDLE & REATH LLP
P. Leigh Bausinger (PA 306471)
Bonnie A. Barnett (PA 37004)
One Logan Square, Suite 2000
Philadelphia, PA 19103
Telephone: (215) 988-2700
Fax: (215) 988-2757
Email: leigh.bausinger@faegredrinker.com
Email: bonnie.barnett@faegredrinker.com

Kevin H. DeMaio (*pro hac vice*)
Pierre J. Avalos (*pro hac vice*)
600 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 549-7000
Fax: (973) 360-9831
Email: kevin.demaio@faegredrinker.com
Email: pierre.avalos@faegredrinker.com

*Attorneys for Defendant*
*Republic Services of Pennsylvania, LLC*

# TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. LEGAL STANDARD ........ 2

III. ARGUMENT ........ 3

IV. CONCLUSION ........ 9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
Civil Action No. 09-290, 2014 WL 12601007 (W.D. Pa. Apr. 21, 2014) ........ 2, 5

*Cashman Equip. Corp. v. United States Fire Ins. Co.*,
Civil Action No. 06-3259, 2008 WL 5000355 (E.D. Pa. Nov. 21, 2008)
*aff'd,* 368 F. App'x 288 (3d. Cir. 2010)........................................................2, 5, 8

*Congress Talcott v. Gruber*,
No. 89-4172, 1992 WL 174711 (E.D. Pa. July 20, 1992) .................................... 7

*Evergreen Cmty. Power LLC v. Riggs Distler & Co.*,
Civil Action No. 10-728, 2012 WL 2974891 (E.D. Pa. July 19, 2012)................ 2

*Middlebrooks v. Teva Pharms. USA, Inc.*,
Civil Action No. 17-412, 2019 WL 13274640 (E.D. Pa. Mar. 29, 2019)............. 7

*TFB Midatlantic 4 LLC v. Local Car Wash Inc.*,
Civil No. 1:21-CV-299, 2024 WL 4367920 (M.D. Pa. Oct. 1, 2024) .............. 2, 3

*Tunis Bros. v. Ford Motor Co.*, Civ. A. No. 82–5557, 1991 WL 8890 (E.D. Pa. Jan. 24, 1991) *cert denied*, 505 U.S. 1221 (1992).................................................. 3, 9

## STATUTES

28 U.S.C. § 1961(a) ........................................................................................ 4

28 U.S.C. § 1961(b) ........................................................................................ 4

31 U.S.C. §§ 9304-06 ........................................................................................ 8

33 U.S.C. § 1319(d) ........................................................................................ 1

33 U.S.C. § 1365(d) ........................................................................................1, 6, 10

## RULES

Federal Rule of Appellate Procedure 4(a)(1)(A) .................................................. 1

Federal Rule of Civil Procedure 62 ........................................................1, 2, 3, 8, 9

# I. INTRODUCTION

On July 27, 2026, this Court entered its Memorandum Opinion (ECF 117), Order (ECF 118), and Judgment (ECF 119) in this Clean Water Act citizen-suit enforcement action, imposing a civil penalty of $9,200,000 against Defendant Republic Services of Pennsylvania, LLC ("Republic") under 33 U.S.C. § 1319(d), payable to the United States Treasury within thirty (30) days of the Order—i.e., by August 26, 2026. Republic has timely appealed the Court's judgment to the United States Court of Appeals for the Third Circuit by the August 26, 2026 deadline under Federal Rule of Appellate Procedure 4(a)(1)(A). Pursuant to Federal Rule of Civil Procedure 62(b), Republic respectfully requests that this Court approve a supersedeas bond in the amount of $11,040,000—an amount equal to 120% of the Judgment and significantly in excess of the amount necessary to satisfy the Judgment, post-judgment interest, and costs associated with Republic's appeal of that Judgment to the Third Circuit—and enter a stay of execution on the Judgment pending resolution of Republic's appeal to the Third Circuit. Republic has conferred with Plaintiff, which has indicated that it does not oppose the relief requested herein—namely, the stay of execution and the amount of the proposed bond. The instant motion does not seek—and Plaintiff does not consent to—a stay of Plaintiff's pending petition for attorneys' fees and costs under 33 U.S.C. § 1365(d), briefing on

which the Court has separately stayed pending the Third Circuit's resolution of Republic's appeal (ECF No. 125).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." *Id.* "The purpose of such a bond 'is to preserve the status quo during the pendency of an appeal and protect the winning party from the possibility of loss resulting from the delay in execution.'" *TFB Midatlantic 4 LLC v. Local Car Wash Inc.*, Civil No. 21-CV-299, 2024 WL 4367920, at *2 (M.D. Pa. Oct. 1, 2024) (citation omitted).

The bond should "generally be sufficient in amount to satisfy the judgment, plus interest and costs." *Evergreen Cmty. Power LLC v. Riggs Distler & Co.*, Civil Action No. 10-728, 2012 WL 2974891, at *1 (E.D. Pa. July 19, 2012). Because there is no set method for determining the amount to cover "interest and costs," courts have wide discretion to approve the amount and form of a supersedeas bond. *See Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, Civil Action No. 09-290, 2014 WL 12601007, at *2 (W.D. Pa. Apr. 21, 2014) ("The Rule does not specify the amount or terms of a supersedeas bond except that the court must approve the bond."); *Cashman Equip. Corp. v. United States Fire Ins. Co.*, Civil Action No. 06-

3259, 2008 WL 5000355, at *3 (E.D. Pa. Nov. 21, 2008), *aff'd*, 368 F. App'x 288 (3d Cir. 2010) (courts have "discretion as to the proper form of a supersedeas bond necessary to secure a stay in the execution of judgment").

## III. ARGUMENT

Republic's proposed bond will "preserve the status quo during the pendency of an appeal and protect the winning party from the possibility of loss resulting from the delay in execution." *See TFB Midatlantic 4 LLC*, 2024 WL 4367920, at *2 (cleaned up). Republic is the sole defendant in this action, with a single, undivided civil penalty judgment of $9,200,000 entered against it. As demonstrated below, Republic has taken "reasonable steps to assure that the judgment will be paid if it is affirmed." *Tunis Bros. v. Ford Motor Co.*, Civ. A. No. 82–5557, 1991 WL 8890, at *1 (E.D. Pa. Jan. 24, 1991), *cert denied*, 505 U.S. 1221 (1992). Accordingly, Republic respectfully requests that the Court approve the supersedeas bond, enter a stay of all collection proceedings pending exhaustion of all avenues of appeal as reflected in Federal Rule of Civil Procedure 62. *Id.* ("The Rule provides for a stay of execution of judgment as a matter of right when a supersedeas bond is obtained.").

To ensure that the proposed bond provides adequate security, Republic has calculated the likely duration of its appeal; calculated the post-judgment interest that would accrue during the pendency of that appeal; and proposed a cushion of

additional funds to cover unanticipated costs or unexpected delays in resolution of the appeal. The details of those calculations follow.

**Judgment Amount.** In calculating the face amount of the bond, Republic begins with the full amount of the civil penalty under the Court's July 27, 2026, Order and Judgment: $9,200,000. Because Republic is the sole judgment debtor and there is no derivative-liability allocation, the bond secures the entire judgment.

**Post-Judgment Interest.** The applicable rate of post-judgment interest is 4.126%, based on the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the July 27, 2026 judgment. *See* 28 U.S.C. § 1961(a) ("Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment.").[1] As the statute expressly provides, post-judgment interest is to be "compounded annually." 28 U.S.C. § 1961(b).

**Proxy Appellate Period.** As of September 2025, the median time in the Third Circuit between the filing of a notice of appeal and a disposition on the merits of a civil appeal classified as "Other Civil Appeals" (non-prisoner civil appeals) is 10.7

---

[1] The weekly average of the daily 1-year constant maturity Treasury yield for the calendar week preceding the July 27, 2026 judgment was 4.126 percent. Board of Governors of the Federal Reserve System, *H.15 Selected Interest Rates* (https://www.federalreserve.gov/releases/H15/default.htm).

months.[2] This median can be used as a proxy for bonding post-judgment interest. *See Cashman*, 2008 WL 5000355, at *6-7 (calculating bond interest based on "the median duration between the filing of a notice of appeal with the Third Circuit and the case disposition"); *Carnegie Mellon*, 2014 WL 12601007, at *3-4.

Republic uses a proxy appellate period of 14.7 months, comprised of: (a) 10.7 months (the Third Circuit's median time to disposition for "Other Civil Appeals"); (b) 1.0 month (the estimated interval between entry of judgment and filing of the notice of appeal); and (c) an additional 3.0-month buffer to account for the possibility that the appeal takes longer than the statistical median (for example, in the event of a cross-appeal or other procedural complexity).

**Compounded Interest Over the Proxy Period.** Applying the 4.126% rate, compounded annually, over the 14.7-month proxy period:

- Year 1 Interest: $9,200,000 x 4.126% = $379,592.00
- Compounded balance after Year 1: $9,200,000 + $379,592.00 = $9,579,592.00

[2] Table B-4A, U.S. Courts of Appeals—Median Time Intervals in Months for Civil and Criminal Appeals Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2025 (https://www.uscourts.gov/sites/default/files/document/jb_b4a_0930.2025.pdf).

- Full annual interest on compounded balance: $9,579,592.00 x 4.126% = $395,253.97
- Additional interest (remaining, 2.7-month period): $395,253.97 x (2.7/12) = $88,932.14
- Total interest over 14.7 months: $379,592.00 + $88,932.14 = $468,524.14
- **Judgment with compounded interest: $9,200,000 + $468,524.14 = $9,668,524.14**

**<u>Cost Cushion.</u>** Republic's proposed bond amount of $11,040,000 would include a substantial cushion of $1,371,475.86 above the judgment-with-interest figure of $9,668,524.14. Such a cushion would account for unassessed Rule 54 costs and additional timeline uncertainty.[3] Indeed, even if Republic's appeal were to extend for two full years (as opposed to 14.7 months), the proposed bond is more than sufficient to secure those enlarged costs:[4]

---

[3] Republic has expressly *not* included any amount in the bond for Plaintiff's pending attorneys' fees motion under 33 U.S.C. § 1365(d), because the amount of any such fee award is not yet known. Republic respectfully reserves the right to seek approval of a supplemental or increased bond if and when a fee award is entered.

[4] Interest for the two-year period is compounded annually and calculated as follows: Year 1 Interest: $9,200,000 x 4.126% = $379,592.00; Year 2 Principal: $9,200,000 + $379,592.00 = $9,579,592.00; Year 2 Interest: $9,579,592.00 x 4.126% = $395,253.97; and Total Interest: $379,592.00 (year 1) + $395,253.97 (year 2) = $774,845.97.

- Year 1 Interest: $9,200,000 x 4.126% = $379,592.00
- Year 2 Principal: $9,579,592.00
- Year 2 Interest: $9,579,592.00 x 4.126% = $395,253.97
- Total two-year interest: $379,592.00 + $395,253.97 = $774,845.97
- Judgment with two-year interest: $9,200,000 + $774,845.97 = $9,974,845.97
- **Remaining cost cushion in $11,040,000 bond: $1,065,154.03**

Thus, the proposed bond of $11,040,000 is more than adequate even if the appeal were to take a full two years to resolve.

Moreover, the proposed bond amount of $11,040,000 represents 120% of the Judgment amount, which other courts in this Circuit have found more than adequate to secure a supersedeas bond pending appeal. *See Congress Talcott v. Gruber*, Civ. A. No. 89-4172, 1992 WL 174711, at *2 (E.D. Pa. July 20, 1992) (finding "no grounds for disapproving a bond equaling 120% of the final judgment as inadequate"); *Middlebrooks v. Teva Pharms. USA, Inc.*, Civil Action No. 17-412, 2019 WL 13274640, at *1 n.1 (E.D. Pa. Mar. 29, 2019) (approving a $2,500,000 bond—more than 119% of the $2,092,634 judgment—as "sufficient to cover the full amount of the judgment, post-judgment interest and costs").

**<u>Summary of Bond Calculation.</u>** The bond calculation is summarized as follows:

| | |
|---|---|
| Judgment (Principal) Amount | $9,200,000.00 |
| Post-Judgment Interest (4.126%, Year 1) | $379,592.00 |
| Judgment with Compounded Interest (after Year 1) | $9,579,592.00 |
| Additional Interest (4.126%, partial 2.7-month period) | $88,932.14 |
| Judgment with Interest (14.7-month proxy term) | $9,668,524.14 |
| Additional Cost Cushion | $1,371,475.86 |
| **Total Proposed Bond Amount** | **$11,040,000.00** |

For all of these reasons, the proposed bond amount is more than sufficient to justify a stay of execution pursuant to Rule 62.

Moreover, the surety obligated by the proposed bond is approved by the Secretary of the Treasury to provide bonds on behalf of the U.S. government and licensed to provide bonds in the state of Pennsylvania. *See* Bureau of the Fiscal Service, U.S. Department of Treasury, *Surety Bonds, List of Certified Companies* (https://www.fiscal.treasury.gov/surety-bonds/list-certified-companies.html). Thus, there is little doubt that the surety can fulfill its obligations, although "a Court is not bound to accept only those supersedeas bonds secured by surety companies who comply with 31 U.S.C. §§ 9304-06," which form the basis for the Treasury Department's list of approved sureties. *Cashman*, 2008 WL 5000355, at *3-4 ("Mindful that a supersedeas bond is defined as 'any form of security,' and that the primary purpose of a supersedeas bond is 'to preserve the status quo during the pendency of an appeal' and to protect [the winning party] 'from the possibility of

loss resulting from the delay in execution,' we conclude that we are not so constrained.") (internal citation omitted).

**Stay of Collection Proceedings.** Finally, Republic seeks an order staying any collection proceedings in this matter until it has exhausted its right of appeal to the Third Circuit and the mandate is issued returning jurisdiction to this Court. Rule 62(b) provides that such a "stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). Put differently, '[t]he Rule provides for a stay of execution of judgment as a matter of right when a supersedeas bond is obtained." *Tunis Bros.*, 1991 WL 8890, at *1. Here, as explained, the proposed bond will provide security for the full amount of the judgment, if affirmed, plus post-judgment interest and costs.

## IV. CONCLUSION

For the foregoing reasons, Republic respectfully requests that this Court approve the form and amount of the bond attached hereto as Exhibit A and enter an order staying any collection proceedings until Republic has exhausted all avenues of appeal.[5]

---

[5] As noted above—and as reiterated here for the avoidance of doubt—this motion does not seek to stay, preclude, or otherwise affect: (a) Plaintiff's right to seek an award of attorneys' fees and costs under 33 U.S.C. § 1365(d); (b) the Court's

Dated: August 18, 2026

Respectfully Submitted,

***/s/ Leigh Bausinger***

P. Leigh Bausinger (PA 306471)
Bonnie A. Barnett (PA 37004)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Telephone: (215) 988-2700
Fax: (215) 988-2757
Email: leigh.bausinger@faegredrinker.com
Email: bonnie.barnett@faegredrinker.com

Kevin H. DeMaio (*pro hac vice*)
Pierre J. Avalos (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 549-7000
Fax: (973) 360-9831
Email: kevin.demaio@faegredrinker.com
Email: pierre.avalos@faegredrinker.com

*Attorneys for Defendant*
*Republic Services of Pennsylvania, LLC*

---

disposition of any such request; or (c) Republic's obligation to pay any fees and costs so awarded.

## CERTIFICATE OF WORD-COUNT COMPLIANCE

I certify that this brief complies with the word count limit described in Local Rule 7.8(b)(2). This brief contains 2,032 words, as measured by Microsoft Word's word-count feature, not counting the title page, table of contents, table of authorities, signature block, or certificates.

Dated: August 18, 2026

***/s/ Leigh Bausinger***
P. Leigh Bausinger

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2026, a copy of the foregoing Post-Trial Brief of Defendant Republic Services of Pennsylvania, LLC was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

Dated: August 18, 2026

***/s/ Leigh Bausinger***
P. Leigh Bausinger